UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO SOLORIO,<br><br>        Petitioner,<br><br>   v.<br><br>OBAMA,<br><br>        Respondent. | No. 1:16-cv-01850-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**[TWENTY-ONE DAY OBJECTION PERIOD]** |

On December 9, 2016, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner is currently detained at the Tulare County Pretrial Facility awaiting trial. Because comity normally requires a federal court to abstain from interfering with ongoing state criminal proceedings, and because the petition fails to state a cognizable claim and proper respondent, the Court will recommend that the petition be **DISMISSED**.

**I.     DISCUSSION**

     A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

### B.   Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The Supreme Court has further held that federal courts can abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. Id. at 818-19. Only in special circumstances such as harassment, bad faith prosecutions, and other circumstances where irreparable harm can be proven would pretrial federal habeas intervention be warranted. Carden v. State of Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's

1 alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). In the
2 instant case, it appears that Petitioner has never exhausted the claims for which he currently seeks
3 federal relief.[1]

4 To the contrary, Petitioner is currently awaiting trial before the Tulare County Superior
5 Court. Thus, Petitioner is asking this Court to step into the middle of a state criminal trial and
6 interfere with criminal proceedings. The Court recommends declining to do so and abstaining
7 under Younger. The state criminal proceedings are judicial in nature and the proceedings involve
8 the important state interest of protecting the public from criminals. Abstention is justified
9 because Petitioner has not presented the state court with any of his claims, and the state court's
10 resolution of the claims would moot the claims in his federal petition. Further, any violation of
11 the law or the Constitution could be appealed to the state court of appeals and to the California
12 Supreme Court. Therefore, under the rationale of Younger, the Court recommends dismissing the
13 petition without prejudice to re-filing after the criminal proceedings, including any appeals, are
14 completed.

15     C.    Failure to State a Claim

16 The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241
17 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner
18 unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the
19 federal courts shall entertain a petition for writ of habeas corpus only on the ground that the
20 petitioner "is in custody in violation of the Constitution or laws or treaties of the United States.
21 See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.
22 The U.S. Supreme Court has held that "the essence of habeas corpus is an attack by a person in
23 custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).
24 Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must
25 demonstrate that the adjudication of his claim in state court resulted in a decision that was
26 contrary to, or involved an unreasonable application of, clearly established Federal law, as

27
28   [1] The Court notes that Petitioner has captioned his petition to the Supreme Court of California so it is possible he mailed the petition to the wrong court.

determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Here, Petitioner's claims are unclear and nonsensical.  The Court cannot discern a single claim for relief.  As his first claim for relief, Petitioner states:

> Double jeapordy [sic] PCF309336 CCAP ITNO#72938 these were chosen to seek capital punishment and they retracted two cases by embezzling VCM390011-PCM 298 B. Judicial performance bankruptcy was paid by automated transaction out of my portfolio that was distributed to him by Valeriano Trustee Saucedo a civil judge civil fraud was utilized to keep charges dormant.

(Pet. at 3.)

His second claim for relief is as follows:

> Jones IV. Burge, 164 F.Supp.2d 1096 (W.D.Wisc.2001). Kaufman v. Schneiter 474 F.Supp.2d 1014 (W.D.Wisc.2007), Trujillo v. Williams, 465 F.3d 1010 (10th Cir.2006); Marange v. Fontcolot, 879 F.Supp. 679 (E.D.Tex.1995). Its federal crime for state actor (the prison officials) to threaten or assault witnesses in federal litigation 18 U.S.C. § 1512(2) false imprisonment defacto preventive detention.

(Pet. at 4.)

As evidenced above, the claims are incomprehensible.  The supporting facts offer no clarity to the above statements.  Normally, the Court would dismiss the petition with leave to file an amended petition to cure the noted deficiencies; however, because the Court has also determined that it must abstain from interference in ongoing state criminal proceedings, it will recommend the petition be dismissed without leave to amend.

D.  Failure to Name a Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Stanley, 21 F.3d at 360.  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a

petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner has named President Obama as Respondent. However, President Obama is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970).

**II.     ORDER**

The Court DIRECTS the Clerk of Court to assign a District Judge to this case.

**III.    RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the petition for writ of habeas corpus be **DISMISSED** without prejudice to refiling at the conclusion of the state process.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 14, 2016**              /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE